# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PAUL GEORGE KRATSAS, #29773-037 | : | Civil Action No. DKC- 11-1079 |
| | | Criminal Action No. H-92-208 |
| v. | : | |
| UNITED STATES OF AMERICA | : | |

oo0oo

## MEMORANDUM

Pending is a Motion for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Paul George Kratsas. For the reasons that follow, the Motion is properly construed as a Motion to Vacate Set-Aside or Correct Sentence under 28 U.S.C. § 2255 and is DISMISSED without prejudice for lack of jurisdiction.

### I.     Petitioner's Claims

Kratsas challenges his confinement on the grounds that he is "actually innocent of the life sentence he is presently serving" and his sentence violates due process. Petition, p. 1.

### II.    Procedural Background

Kratsas was sentenced to life imprisonment after he was convicted of conspiracy to possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B). His sentence was affirmed on appeal. S*ee United States v. Kratsas*, 45 F.3d 63 (4th Cir.1995).

This court denied Kratsas's first 28 U.S.C. § 2255 motion, but granted him a certificate of appealability. *See Kratsas v. United States*, 102 F. Supp. 2d 320 (D. Md. 2000). The Fourth Circuit affirmed denial of § 2255 relief. *See United States v. Kratsas,* 9 Fed Appx. 107 (4th Cir. 2001). Kratsas filed a second § 2255 motion which was denied without prejudice for lack of jurisdiction, *see Kratsas v. United States*, DKC-04-2540 (D. Md. 2004), and his subsequent motion for authorization to file a

successive application for relief was denied by the Fourth Circuit. ECF No. 103.

   **III.   Analysis**

A threshold question posed here is whether the claims raised by Kratsas are properly presented in a § 2241 petition or by way of a 28 U.S.C. §2255 motion. A § 2241 petition attacks the manner in which a sentence is executed and is usually filed in the district where the inmate is in custody. *See* 28 U.S.C. § 2241; *Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500 (1973). By contrast, a § 2255 motion, which is brought in the court that imposed sentence, challenges the validity of a conviction or sentence. *See* 28 U.S.C. § 2255; *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*). [1]

   In the instant petition, Kratsas is clearly challenging the validity of his sentence and the motion is properly construed under 28 U.S.C. §2255. Regardless of the title Kratas has affixed to the petition, the subject matter determines its status. *See e.g., Calderon v. Thompson*, 523 U.S. 538, 554 (1998). Consequently, this petition represents Kratsas third § 2255 challenge to his sentence and it may not be considered absent prefiling authorization from the Fourth Circuit. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Accordingly, the motion will be dismissed without prejudice for lack of jurisdiction.

---

[1] Under the § 2255's "savings clause" relief may be sought under 28 U.S.C. § 2241 when § 2255 is inadequate and ineffective to test the legality of a conviction if: 1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; 2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *See In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000). Kratsas does not satisfy these requirements. A § 2255 motion is not inadequate or ineffective because a prior § 2255 motion was unsuccessful or a petitioner is unable to meet the pre-filing authorization requirements for a successive § 2255 motion. *See id; see also In re Vial,* 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

## IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.2001) (quotation marks omitted). Kratsas does not satisfy this standard. Denial of a certificate of appealability, however, does not prevent a petitioner from seeking pre-filing authorization for a successive motion under 28 U.S.C. § 2255.

**Conclusion**

For the foregoing reasons, the motion to vacate, set aside or correct sentence will be dismissed without prejudice for lack of jurisdiction and a certificate of appealability will not issue. A separate order follows.

Date:   May 3, 2011                         /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge